**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**OFF LEASE ONLY, INC.**
a Florida Corporation,

      CASE NO.: 6:18-cv-01555--RBD

    Plaintiff,

vs.

**LAKELAND MOTORS, LLC,** a
Florida Limited Liability Company
d/b/a LAKELAND CHRYSLER DODGE,
JEEP, RAM

    Defendant.

_____/

## DEFENDANT LAKELAND MOTORS LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, LAKELAND MOTORS, LLC d/b/a LAKELAND CHRYSLER, DODGE, JEEP, RAM ("LAKELAND MOTORS"), by and through its undersigned counsel, files this Answer and Affirmative Defenses to Plaintiff's, OFF LEASE ONLY, INC ("OLO"), Complaint and states as follows:

### Nature of the Action

1. Denied.

2. Admitted that OLO appears to be seeking injunctive relief but all remaining allegations in this paragraph are Denied.

### Jurisdictional Allegations

3. Without knowledge and therefore denied.

1

4. Without knowledge and therefore denied.

5. Admitted for jurisdictional purposes only.

6. Admitted that venue is proper in Orange County, Florida but all other allegations contained in this paragraph are Denied.

### Prefatory Allegations

7. Without knowledge and therefore denied.

8. Without knowledge and therefore denied.

9. Without knowledge and therefore denied.

10. Denied.

11. Without knowledge and therefore denied.

12. Without knowledge and therefore denied.

13. Admitted that LAKELAND MOTORS[1] is engaged in the sale and service of new and used vehicles at 2875 Mall Hill Drive, Lakeland, FL 33810, but denied that LAKELAND MOTORS operates out of a single location.  All other allegations contained in this paragraph are Denied.

14. Admitted that both parties sell vehicles; but all other allegations contained in this paragraph are Denied.[2]

15. Without knowledge and therefore denied.

16. Without knowledge as to when a cease and desist letter was sent but admitted that a copy of the letter is attached as Exhibit "E".  All other allegations in paragraph 16 are Denied.

---

[1] Plaintiff refers to LAKELAND MOTORS as "LAKELAND DODGE" in its Complaint.
[2] Plaintiff appears to have cited a non-existent statute.

17. Admitted that Defendant has not removed any billboards as a result of Plaintiff's cease and desist letter; Denied that Defendant's billboards infringe any of Plaintiff's rights.

18. Without knowledge and therefore denied.

19. Without knowledge and therefore denied.

20. Without knowledge and therefore denied.

### COUNT I – INJUNCTIVE RELIEF

21. Defendant reincorporates its responses to paragraphs 1 through 20 above.

22. Admitted for jurisdictional purposes only.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief outlined in this unnumbered prayer for relief paragraph.

### COUNT II – FEDERAL COPYRIGHT INFRINGEMENT
### PURSUANT TO 17 U.S.C. §§ 106, et seq.

27. Defendant reincorporates its responses to paragraphs 1 through 20 above.

28. Without knowledge and therefore denied.  Also, Denied that Exhibit "C" contains a copyright registration certificate as alleged.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief outlined in this unnumbered prayer for relief paragraph.

### COUNT III – FEDERAL TRADEMARK INFRINGEMENT 15 U.S.C. §1114(1)

33. Defendant reincorporates its responses to paragraphs 1 through 20 above.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief outlined in this unnumbered prayer for relief paragraph.

### COUNT IV – FEDERAL TRADEMARK DILUTION PURSUANT TO 15 U.S.C. § 1125(c)

1. Defendant reincorporates its responses to paragraphs 1 through 20 above.[3]

2. Denied.

3. Denied.

4. Denied.

5. Denied.

---

[3] Plaintiff's Complaint restarts numbering at "1" after Paragraph 40. Defendant has retained this faulty numbering to ensure matching paragraph numbers; however, Plaintiff should amend its Complaint to properly number all paragraphs. Using duplicate paragraph numbers will be problematic moving forward.

    6.    Denied.

    7.    Denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief outlined in this unnumbered prayer for relief paragraph.

### COUNT V – FLORIDA TRADEMARK INFRINGEMENT
### PURSUANT TO FLORIDA STATUTE § 495.141

    8.    Defendant reincorporates its responses to paragraphs 1 through 20 above.[4]

    9.    Denied.

    10.    Denied that Plaintiff has quoted Florida Statute § 495.141 (2018), therefore all allegations in this paragraph are Denied.[5]

    11.    Without knowledge and therefore denied.

    12.    Without knowledge and therefore denied.

    13.    Denied.

    14.    Admitted that OFF LEASE ONLY sent Defendant a letter alleging infringement; all other allegations in this paragraph are Denied, including that Defendant's material is infringing.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief outlined in this unnumbered prayer for relief paragraph.

### COUNT VI – FLORIDA ANTI-DILUTION STATUTE
### PURSUANT TO FLORIDA STATUTE § 495.151

---

[4] This is referring to the initial paragraphs 1 through 20.
[5] The quote appears to be a misquote of Fla. Stat. § 495.131(2), which requires a defendant to .

15. Defendant reincorporates its responses to paragraphs 1 through 20 above.[6]

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief outlined in this unnumbered prayer for relief paragraph.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's copyright infringement claim fails because the asserted copyright registration is invalid and unenforceable to the extent that it seeks to protect the slogan "NEED A USED CAR", which is not eligible subject matter for a copyright registration.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's copyright infringement claim fails because Plaintiff has unclean hands and is misusing copyright law by seeking to extend the copyright in Reg. No. VA 1-995-477 titled "3d Need a Used Car" beyond the permissible bounds of the Copyright Act. Despite Plaintiff's allegations, the title of the copyrighted work is "3d Need a Used Car" and is not "NEED A USED CAR?" as alleged in the Complaint. This distinction will be important when the parties and the Court examine the deposit material submitted to the Copyright Office with the subject registration. Essentially, Plaintiff is seeking to use its purported copyright registration as an additional

---

[6] This is referring to the initial paragraphs 1 through 20.

trademark registration. Upon information and belief, Plaintiff is well-aware that the work subject to the asserted copyright registration contains artistic elements not present in Defendant's billboards, yet Plaintiff throughout its Complaint treats the copyright registration as a "NEED A USED CAR?" trademark. Furthermore, Plaintiff is readily aware of the fact that it does not have a trademark registration on the slogan NEED A USED CAR because on September 28, 2012, Ms. Ejola Cook, on behalf of Plaintiff, surrendered the registration at the USPTO.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's request for equitable and/or injunctive relief must fail because it has an adequate remedy at law and because Plaintiff cannot show that it will suffer any irreparable harm from Defendant's alleged actions.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that any conduct of Defendant is found to constitute copyright infringement, trademark infringement, dilution, or otherwise violate state or federal intellectual property law, which is denied, said conduct was unintentional, and not willful, intentional, or reckless.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are only consequential.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's federal and state trademark infringement and dilution claims are barred, in whole or in part, by the doctrine of unclean hands and trademark misuse because any similarity between Defendant's billboards and Plaintiff's marks appears limited to the wording "Don't Pay More", and Plaintiff has expressly (and seemingly voluntarily) disclaimed those three words in each federal and/or state trademark registration asserted in its Complaint.[7]

---

[7] See Doc. 1-4, Page ID 39; Doc. 1-5, Page IDs 45 and 57.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's federal and state dilution claims are barred because Plaintiff's asserted marks are not sufficiently famous or distinctive for dilution protection.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's federal and state trademark infringement and dilution claims are barred, in whole or in part, by the doctrine of unclean hands and trademark misuse because Plaintiff is readily aware of the fact that it does not have a trademark registration on NEED A USED CAR. On September 28, 2012 Ms. Ejola Cook, on behalf of Plaintiff, surrendered the registration at the USPTO.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's trademark infringement claims are barred because infringement of Plaintiff's marks, if any, was innocent.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's trademark claims are barred on the basis that the marks at issue were generic at the time of filing or have otherwise become generic.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's federal and state trademark infringement claims are barred on the basis that the disclaimed portion of the marks at issue lacks secondary meaning and has not acquired distinctiveness.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for enhanced damages and attorney's fees has no basis in fact or law and should be denied insofar that Plaintiff has failed to plead any allegations supporting the fact that this case is an "exceptional case" or that Plaintiff's alleged damages should be trebled under the Lanham Act or State law.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's copyright claim fails under the doctrine of fair use as to all elements of the allegedly copyrighted work at issue that copyright law does not protect, including but not limited to: ideas, expressions necessarily incident to ideas, expressions already in the public domain, generic expressions, and any other unprotectable or noncopyrightable elements.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's copyright claim fails under the independent creation doctrine to the extent the work Plaintiff identified as infringing its allegedly copyrighted work was created independently of Plaintiff's work.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's copyright claim fails because any protectable expression in Plaintiff's allegedly copyrighted work is not substantially similar to Defendant's billboards.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped in bringing its claims based on Plaintiff's anti-competitive and unfair trade practices in misusing copyright and trademark law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's trademark infringement and dilution claims fail due to the fact that Defendant has been using the allegedly infringing tag line "DON'T PAY MORE" or minor variations thereof for close to twenty (20) years with no evidence of confusion among consumers, such that (1) either Defendant's use pre-dates Plaintiff's use or (2) even if Defendant's use does not predate Plaintiff's use, twenty (20) years of coexistence in the marketplace with no actual confusion weighs against a finding of a likelihood of confusion.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's trademark infringement and dilution claims fail under the doctrine of fair use in that even if Defendant is allegedly using Plaintiff's trademark, the use is descriptive, in that it is being used in a sentence rather than as a trademark and is being used fairly to describe the services provided by Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by estoppel and acquiescence in that Defendant has used variations of "USED CAR, NEED A USED CAR, WHY PAY MORE and DON'T PAY MORE" in its marketing for twenty (20) years with no indication that Plaintiff considered such use violative of any of Plaintiff's rights.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's trademark claims are barred on the basis that the marks at issue were merely descriptive at the time of filing and continue to be merely descriptive today.

## ADDITIONAL DEFENSES

Defendant, LAKELAND MOTORS, hereby reserves the right, pursuant to Federal Rule of Civil Procedure 8(c), to assert any additional defenses that are supported by information or facts obtained through discovery or other means during this case and expressly reserve the right to amend its Answer and Affirmative Defenses to assert such affirmative defenses in the future.

DATED this 15th day of October 2018.

Respectfully submitted,

BEUSSE WOLTER SANKS & MAIRE, PLLC
390 North Orange Avenue, Suite 2500
Orlando, Florida 32801

        Telephone: (407) 926-7700
        Facsimile: (407) 926-7720
        Email: adavis@bwsmiplaw.com
        Email: kwimberly@bwsmiplaw.com
        ***Attorneys for Defendant, LAKELAND MOTORS***

By: */s/ Amber N. Davis*
    Amber N. Davis
    Florida Bar No: 0026628
    Kevin W. Wimberly
    Florida Bar No. 0057977

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court utilizing the CM/ECF system this 15th day of October 2018. I further certify that on October 15, 2018, a true and correct copy of the foregoing was served via electronic mail and first-class mail on the following counsel of record:

Ejola Christlieb Cook
Florida Bar No. 10327
Christian Claude Dorismond
Florida Bar No. 125387
Off Lease Only, Inc.
827 S. State Road 7
North Lauderdale, FL 33068-2823
ejolac@offleaseonly.com
Christian.dorismond@offleaseonly.com

        */s/ Amber N. Davis*
        Attorney