UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OFF LEASE ONLY, INC.,

     Plaintiff,

v.                            Case No. 6:18-cv-1555-Orl-37DCI

LAKELAND MOTORS, LLC,

     Defendant.
_____

## ORDER

What's in a phrase? Plaintiff Off Lease Only, Inc. ("**Off Lease Only**"), claiming intellectual property rights covering two phrases, sued Defendant Lakeland Motors, LLC ("**Lakeland Motors**") for the alleged infringement of its "3d Need a Used Car" copyright and "DON'T PAY MORE" trademarks. (*See* Docs. 1, 41.) Lakeland Motors moved for summary judgment. (Doc. 39 ("**Motion**").) Off Lease Only responded (Doc. 46), and Lakeland Motors replied (Doc. 47). On review, the Motion is granted.

## I.    BACKGROUND[1]

This is a battle between two competing used car dealerships over whether Lakeland Motors' billboards infringe Off Lease Only's intellectual property rights. (*See* Doc. 41.) Off Lease Only says yes, contending Lakeland Motors intentionally mimicked

---

[1] The facts recited here may not be the "actual" facts of the case. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). Rather, they reflect Plaintiff's "best case"—the Court must consider the facts in the light most favorable to Plaintiff as the nonmoving party. *See Robinson v. Arrugueta*, 415 F.3d 1252, 1257 (11th Cir. 2005); *see also Walker v. City of Riviera Beach*, 212 F. App'x 835, 837 (11th Cir. 2006).

its "3d Need a Used Car" copyright and "DON'T PAY MORE" trademarks. (*See* Doc. 46.)
Lakeland Motors says no, arguing Off Lease Only has tried to overextend its alleged
rights in common phrases. (*See* Docs. 39, 47.) Let's review Off Lease Only's copyright and
trademarks before examining Lakeland Motors' purportedly infringing billboards.

### A.    Off Lease Only's Copyright and Trademarks

Off Lease Only sells used cars at its dealerships in Orlando, West Palm Beach, Fort
Lauderdale, and Miami and online. (*See* Doc. 41, ¶ 7; Doc. 39-4, p. 68:8–18; Doc. 39-8, pp.
15–16.) Off Lease Only acquired intellectual property rights for some of its advertising,
which it does online and on billboards along I-4. (*See* Docs. 41-1–41-3; *see also* Doc. 39-4,
pp. 46:7–10, 81:16–19; Doc. 39-8, p. 14; Doc. 39-9, pp. 2–8; Docs. 39-14–39-16.) It
copyrighted "3d Need a Used Car," U.S. Copyright Registration No. VA 1-995-477,
claiming authorship over "2-D artwork." (Doc. 41-1.) The work looks like:



(Doc. 39-1, p. 3.) This registered work appears on some billboards. (*See* Doc. 47–2, p. 5;
Doc. 39-4, p. 78:5–9.)

Off Lease Only also has a federal trademark, a service mark titled "DON'T PAY
MORE," U.S. Registration No. 3629566 ("**'566 Registration**"). (Doc. 41-2.) The description
is: "The color(s) red, black and white is/are claimed as a feature of the mark. The mark

consists of 'DON'T PAY MORE' in all capitals, 'DON'T' is in a red box, above 'PAY' in a black box, above 'MORE' in a red box; all lettering is white." (*Id.* at 2.) The '566 Registration states "no claim is made to the exclusive right to use 'don't pay more' apart from the mark as shown." (*Id.*) Here's the mark:



(Doc. 39-25, p. 3.)[2]

Off Lease Only also registered the "DON'T PAY MORE" service mark in Florida, Florida Trademark Registration No. T14-1233 ("**Florida Registration**"). (Doc. 41-3.) The description is the same as the '566 Registration's, but it disclaims "Don't, Pay, or More apart from the mark as shown." (*Id.* at 5.) The registration explains: "When you disclaim a specific term or design, you are acknowledging this term is commonly used by others and that you do not claim the exclusive right to use the disclaimed term or design." (*Id.*)

### B.    Lakeland Motors' Billboards

Lakeland Motors sells used cars as Lakeland Chrysler Dodge Jeep Ram ("**Lakeland Dodge**"). (*See* Doc. 41, ¶ 13; *see also* Doc. 41-4.) Lakeland Dodge is less than

---

[2] Lakeland Motors takes issue with the '566 Registration. (*See* Doc. 39, pp. 9–11.) The '566 Registration says Off Lease Only owns it (Doc. 41-2, p. 1), but Off Lease Only's corporate representative, Ejola Cook, testified Mark Fischer or E&M Autosales owns the mark, and there's no record of any assignments (Doc. 39-4, pp. 19–23). The '566 Registration also states the mark was first used in commerce in January 1999 (Doc. 41-2, p. 1), but Off Lease Only was not incorporated until 2004 (Doc. 39-4, pp. 18–19).

an hour from Off Lease Only's Orlando location. (*See* Doc. 41, ¶ 13; Doc. 39-8, pp. 17–18.) Lakeland Motors has multiple billboards along I-4. (*See* Doc. 39-17, pp. 2–9; Doc. 39-8, pp. 17–18; Doc. 39-9, pp. 10–17; Doc. 39-10; Doc. 39-12, p. 24; *cf.* Doc. 39-4, pp. 43:9–23, 52:17–58:19.) This is one:



(Doc. 39-12, p. 24; *see also* Doc. 41-4.) Here's another:



(Doc. 39-17, p. 9.) Other Lakeland Motors billboards have either Lakeland Dodge or Lakeland Toyota in the center and phrases like "I-4's Used Car Superstore," "The Best Cars at The Best Price," and "Save More." (*See id.* at 4, 5, 7.)

### C.   This Action

Based on Lakeland Motors' billboards, Off Lease Only sued for: injunctive relief ("**Count I**"), federal copyright infringement ("**Count II**"), federal trademark

infringement ("**Count III**"), federal trademark dilution ("**Count IV**"), Florida trademark infringement ("**Count V**"), and Florida trademark dilution ("**Count VI**"). (*See* Docs. 2, 41.) Lakeland Motors moves for summary judgment, arguing its billboards don't infringe Off Lease Only's intellectual property rights.[3] (Doc. 39.) Off Lease Only opposes, with no evidence in support. (Doc. 46.) Briefing complete (*see* Doc. 47), the matter is ripe.

## II.   LEGAL STANDARDS

Summary judgment is appropriate only if the movant shows there is "no genuine dispute as to any material fact and that [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On issues for which the movant has the burden at trial, it must show the absence of a genuine issue of material fact and support its motion with credible evidence demonstrating that no reasonable jury could find for the nonmoving party on the essential elements. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (citing *United States v. Four Parcels of Real Prop. in Green & Tuscaloosa Ctys.*, 941, F.2d 1428, 1438 (11th Cir. 1991)).

On issues for which the nonmovant would bear the burden of proof the movant has two options: (1) it may simply point out a lack of evidence to support the nonmoving party's case; or (2) it may provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Four Parcels*, 941 F.2d at 1438

---

[3] After Lakeland Motors filed the Motion (Doc. 30), the Court granted Lakeland Motors' motion for judgment on the pleadings on Count III as it lacked allegations necessary for a federal trademark infringement claim (Doc. 40). The Court allowed Off Lease Only to amend, and it did. (Doc. 41.) Because the Motion addressed Count III as if it included the necessary allegations (Doc. 39, pp. 20–24), the Motion applies to the amended complaint.

(citing *Celotex Corp.*, 477 U.S. at 325). "The burden then shifts to the nonmoving party, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

"A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Four Parcels*, 941 F.2d at 1437 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A court must view the evidence and all reasonable inferences drawn from the evidence in the light most favorable to the nonmovant, *Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006), so that "when conflict arises between the facts evidenced by the parties, [the] court credit[s] the nonmoving party's version," *Evans v. Stephens*, 407 F.3d 1272, 1278 (11th Cir. 2005). Yet "[the] court need not permit a case to go to a jury . . . when the inferences that are drawn from the evidence, and upon which the nonmovant relies, are 'implausible.'" *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996).

## III.   ANALYSIS

Lakeland Motors seeks summary judgment on all counts while Off Lease Only claims a jury trial is warranted.[4] (*See* Docs. 39, 46.) Let's take up copyright infringement, follow it with trademark infringement then dilution, and end with injunctive relief.

### A.   Count II: Copyright Infringement

First is whether Lakeland Motors' billboard infringes Off Lease Only's copyright.[5]

---

[4] On Off Lease Only's motion to voluntarily dismiss Count IV, the Court dismissed that count without prejudice. (Docs. 52, 55.) This Order addresses the remaining counts.

[5] Off Lease Only alleged Lakeland Motors had multiple infringing billboards. (Doc. 41, ¶ 15.) But it attached a black-and-white picture of only one to its complaint (*see*

"Copyright infringement has two elements: '(1) ownership of a valid copyright, and (2) copying of [protectable] elements.'" *Home Design Servs., Inc. v. Turner Heritage Homes Inc.*, 825 F.3d 1314, 1320 (11th Cir. 2016) (alteration in original) (quoting *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 702 F.3d 1312, 1325 (11th Cir. 2012)). A plaintiff can prove copying by demonstrating access to the work and "that the works are 'substantially similar.'" *Id.* at 1321 (citation omitted).

For substantial similarity, "the plaintiff must establish that 'an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work.'" *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1248 (11th Cir. 1999) (quoting *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 648 F.2d 821, 829 (11th Cir. 1982)). The inquiry involves whether a lay observer would find the similarities substantial and whether the similarities involve copyrightable material. *See id.* "If the similarity between two works concerns only non-copyrightable elements, then there can be no copyright infringement as a matter of law." *Home Design Servs.*, 825 F.3d at 1323 (quotation marks and citation omitted).

Summary judgment may be appropriate where there is substantial similarity as to noncopyrightable elements but substantial dissimilarity as to protectable elements.

---

Doc. 41-4), which appears in color in the response and record (Doc. 46, p. 11; Doc. 39-12, p. 24). As Off Lease Only didn't provide evidence of the other allegedly infringing billboards, the Court limits this claim to that billboard. (*See* Doc. 41-4; Doc. 39-12, p. 24.) That said, only one other Lakeland Motors billboard in the record asks, "Need a Used Car?"—it is identical to the one attached to the complaint but for differences in coloring. (*See* Doc. 39-17, p. 9.) The other billboards have no similarities with Off Lease Only's registered work (*see, e.g., id.* at 2–8), so the result would be the same even if the Court considered the other billboards.

*Intervest Constr., Inc. v. Canterbury Estate Homes, Inc.*, 554 F.3d 914, 920 (11th Cir. 2008) (citations omitted); *see also Herzog*, 193 F.3d at 1247 (finding summary judgment appropriate where the similarities are noncopyrightable or where "no reasonable jury, properly instructed, could find that the two works are substantially similar").

The similarities between Off Lease Only's registered work and Lakeland Motors' billboard aren't substantial and don't involve copyrightable materials. (*See* Doc. 39-1, p. 3; Doc. 39-12, p. 24.) Both ask "NEED A USED CAR?" at the top in all capital, block letters, though in different colors. (Doc. 39-1, p. 3; Doc. 39-12, p. 24.) Both say "DON'T PAY MORE"—Off Lease Only's registered work has the phrase in a small square on the far right side, with each word on a separate row, alternating background colors of red and black; Lakeland Motors' billboard has it in one line along the bottom. (Doc. 39-1, p. 3; Doc. 39-12, p. 24.) And both are divided into roughly thirds, with Off Lease Only using text and images in the top two thirds and text in the bottom third, and Lakeland Motors using three rows of text. (Doc. 39-1, p. 3; Doc. 39-12, p. 24.) But these similarities are not enough. *Cf. Herzog*, 193 F.3d at 1257.

These similarities concern noncopyrightable elements. "Words and short phrases, such as names, titles, and slogans, are uncopyrightable because they contain an insufficient amount of authorship." U.S. Copyright Office, *Works Not Protected by Copyright*, Circular 33, at 2; (*see also* Doc. 39-2). This includes business names, catchwords, catchphrases, mottos, slogans, or other short expressions. *See id.* at 3; *see also* 37 C.F.R. § 202.1(a). The selection, coordination, or arrangement of content may be copyrightable if it "is selected and arranged in a sufficiently creative manner," but the copyright "would

be limited to the selection and arrangement of that specific content." U.S. Copyright Office, *Works Not Protected by Copyright*, Circular 33, at 3. Lakeland Motors' billboard consists solely of noncopyrightable elements—slogans, short expressions, and a business name (*see* Doc. 39-12, p. 24)—so the few similarities between the billboard and Off Lease Only's registered work are noncopyrightable.

The works are otherwise substantially dissimilar, particularly at the level of protected expression. Off Lease Only's copyright registration reveals what's protected: the copyright is for a work of "visual arts"—as shown by the "VA" in the registration number—and covers "2-D artwork" only, not text.[6] (*See* Doc. 41-1, p. 1; Doc. 39-1, p. 2.) The main artwork in the copyright is the stylized outline of a car with "OffleaseOnly.com" within the car. (*See* Doc. 39-1, p. 3.) Lakeland Motors' billboard has no artwork, only text. (Doc. 39-12, p. 24.) Off Lease Only's work also has text, slogans, and the three-tiered "DON'T PAY MORE" phrase, which were not (and could not have been) claimed as part of the visual arts work copyright. (*See* Doc. 39-1, p. 3; Doc. 41-1, p. 1; Doc. 39-22, p. 4); *see also* 37 C.F.R. § 202.1(a); U.S. Copyright Office, *Compendium of U.S. Copyright Office Practices*, §§ 621.8(B), 621.8(C)(1) (3d ed. 2017).[7]

---

[6] This is confirmed by Off Lease Only's copyright application. Off Lease Only selected "2-D artwork" for the protected visual arts work; there's no option to claim "text" as part of this type of copyright. (*See* Doc. 39-20, p. 9; Doc. 41-1, p. 1; Doc. 39-19, p. 4.) Other types of copyrights, like for a literary work, allow the registrant to claim text. *See* http://www.copyright.gov/registration/docs/literary-standard.pptx.

[7] The U.S. Copyright Office's *Compendium* clarifies the copyrightable elements of Off Lease Only's registered work. It says if an author claims "2-D artwork" that contains an illustration and short slogan, the registration specialist can register it because the *artwork* is copyrightable; however, the registration specialist may add "slogan, typeface, typographic ornamentation not copyrightable. 37 C.F.R. § 202.1." *Compendium of U.S.*

Many other differences exist. Off Lease Only's work is mainly purple, yellow, and white, other than a small red and black square; Lakeland Motors' billboard is only orangish-red, white, and black—no purple or yellow. (*See* Doc. 39-1, p. 3; Doc. 39-12, p. 24.) Off Lease Only's work includes phrases not in Lakeland Motors' billboard, like "CLICK HERE" and "THE NATION'S USED CAR DESTINATION." (*See* Doc. 39-1, p. 3; Doc. 39-12, p. 24.) And Off Lease Only's work contains its website in the center while Lakeland Motors' billboard says Lakeland Dodge. (*See* Doc. 39-1, p. 3; Doc. 39-12, p. 24.) So other than the phrases "NEED A USED CAR?" and "DON'T PAY MORE," the works are substantially dissimilar, including at the level of protected expression.

Off Lease Only argues determining substantial similarity is an issue for the jury, which would likely conclude the many visual similarities, like the phrases and placement of wording, are substantial enough to find for Off Lease Only. (Doc. 46, pp. 10–13.) This unsupported assertion does not defeat the Motion. Nor does Off Lease Only's reliance on *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 849 (9th Cir. 2012), for the assertion that "[o]riginal selection, coordination, and arrangement of unprotectible elements may be protectible expression." (*Id.*) Off Lease Only failed to establish that its registered work's arrangement is sufficiently original to be protectible or creates a genuine dispute of material fact as to substantial similarity, particularly considering the significant differences between the works.

Off Lease Only attempts to measure substantial similarity by its own yardstick,

---

*Copyright Office Practices*, § 618.8(C)(1) (3d ed. 2017); (*see also* Doc. 39-21).

but no reasonable jury, properly instructed, would find the works substantially similar. *See, e.g., Herzog*, 193 F.3d at 1247. Because the similarities between Off Lease Only's registered work and Lakeland Motors' billboard involve noncopyrightable elements and the works are otherwise substantially dissimilar, Lakeland Motors is entitled to summary judgment on Count II.[8] *Id.* at 1262–63; *Intervest Constr., Inc.*, 554 F.3d at 920.

### B.    Counts III and V: Trademark Infringement

Second is whether Lakeland Motors' billboard infringes Off Lease Only's trademarks under federal or Florida law.[9] For trademark infringement, the plaintiff must show: (1) the mark is valid; and (2) the defendant's use of the mark is likely to cause confusion. *See Dieter v. B & H Indus. of SW Fla., Inc.*, 880 F.2d 322, 326 (11th Cir. 1989). Because Lakeland Motors doesn't challenge the marks' validity (*see* Doc. 39, pp. 20–24), the Court turns to the likelihood-of-confusion analysis. There are seven factors: "(1) the strength of the . . . mark; (2) the similarity of the . . . marks; (3) the similarity of the goods and services the marks represent; (4) the similarity of the parties' trade channels and customers; (5) the similarity of advertising media used . . . ; (6) the intent of the alleged infringer . . . ; and (7) . . . actual confusion." *Fla. Int'l Univ. Bd. of Trs. v. Fla. Nat'l Univ.,*

---

[8] Lakeland Motors also argues Count II should be dismissed because Off Lease Only failed to provide evidence of damages from the alleged infringement. (Doc. 39, pp. 19–20.) As no reasonable jury could find substantial similarity between the works, the Court need not address this argument.

[9] Like the copyright infringement claim, *see supra* note 5, the Court limits this claim to the same billboard. (*See* Doc. 39-12, p. 24.) Only two Lakeland Motors billboards say "DON'T PAY MORE," which appears at the bottom of the billboard in block letters. (*See* Doc. 39-9, pp. 10–17; Doc. 39-10; Doc. 39-12, p. 24; Doc. 39-17, pp. 2–9.) So the result would be the same even if the Court considered the other billboards.

*Inc.*, 830 F.3d 1242, 1255 (11th Cir. 2016) (citing *Tana v. Dantanna's*, 611 F.3d 767, 774–75 (11th Cir. 2010)). The strength of the mark and actual confusion are the most important. *See id.* (citation omitted). "Court[s] must consider the circumstances of each particular case, and evaluate the weight to be accorded to individual factors, in order to make its ultimate factual determination." *HBP, Inc. v Am. Marine Holdings, Inc.*, 290 F. Supp. 2d 1320, 1327–28 (M.D. Fla. 2003) (citing *Jellibeans, Inc. v. Skating Clubs of Ga.*, 716 F.2d 833, 844 (11th Cir. 1983)). "Although likelihood of confusion generally is a question of fact," courts may resolve the issue as a matter of law. *Id.* at 1325 (citing Eleventh Circuit cases finding infringement and no infringement on summary judgment motions).

### 1.    Strength of Mark

The first factor concerns the strength of the mark: "The stronger the mark, the greater the scope of protection accorded it." *Frehling Enters. v. Int'l Select Grp., Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999). This factor requires considering "the mark's inherent distinctiveness." *Tana*, 611 F.3d at 776. Assessing strength has two steps: First, courts should classify the mark as "generic, descriptive, suggestive, or arbitrary based on the relationship between the mark and the service or good it describes." *Fla. Int'l Univ. Bd. of Trs.*, 830 F.3d at 1256 (quotation marks and citation omitted).

> Generic marks are the weakest and are not entitled to protection—they refer to a class of which an individual product is a member (for example, "liquor store" used in connection with the sale of liquor). Descriptive marks describe a characteristic or quality of an article or service (for example, "vision center" denoting a place where glasses are sold). Suggestive marks suggest characteristics of the goods and services and require imaginative effort by the consumer in order to be understood as descriptive (such as "penguin" being applied to refrigerators). Finally, arbitrary marks—the strongest of the four categories—bear no relationship to the product (e.g.,

"Sun Bank" is arbitrary when applied to banking services).

*Id.* at 1256–57 (citations omitted). Second, courts should consider third-party use of the mark. *See Frehling Enters.*, 192 F.3d at 1336. "The less that third parties use the mark, the stronger it is, and the more protection it deserves." *Id.*

Also relevant is whether the mark is "incontestable." *See Fla. Int'l Univ. Bd. of Trs.*, 830 F.3d at 1257. The U.S. Patent & Trademark Office can declare a mark incontestable if after the mark has been registered for five years, the holder files an affidavit required by 15 U.S.C. § 1065(3). *Id.* (citation omitted). An incontestable mark is "presumed to be at least descriptive with secondary meaning, and therefore a relatively strong mark." *Dieter*, 880 F.2d at 329. Yet incontestability is "simply one piece of the overall determination of a mark's strength." *HBP, Inc.*, 290 F. Supp. 2d at 1329 (citation omitted).

Two things contribute to the strength of Off Lease Only's mark: it's category and incontestable status. The mark consists of the slogan "DON'T PAY MORE," so there's no relationship between the slogan and Off Lease Only's products—used cars. This is consistent with an arbitrary mark, the strongest of the categories. *See Fla. Int'l Univ. Bd. of Trs.*, 830 F.3d at 1257. But because the mark contains common words, it is not the strongest mark. *See Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252, 260 (5th Cir. 1980)[10] ("Although a common term's application . . . may be arbitrary, it is still not to be accorded the same degree of protection given such coined and fanciful terms as 'Kodak' or

---

[10] The decisions of the former Fifth Circuit rendered before October 1, 1981 are binding on this circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

'Xerox.'"); *see also Sun Banks of Fla. v. Sun Fed. Sav. & Loan*, 651 F.2d 311, 315 (5th Cir. 1981) (finding Sun Banks' mark arbitrary but noting that "[t]his label, alone . . . does not precipitate absolute protection"). The mark is also incontestable, which makes it relatively strong. (*See* Doc. 39-8, p. 16; Doc. 39, pp. 21–22; Doc. 46, pp. 13–14); *see also Dieter*, 880 F.2d at 329.

But third-party use of the mark, the marks' disclaimers, and the lack of consumer recognition weaken it. Lakeland Motors provided evidence of third parties using "Don't Pay More" in almost thirty used car advertisements. (*See* Doc. 39-23, pp. 2–31.) The advertisements span many years, with most before 2000. (*See id.*) This third-party use diminishes the marks' distinctiveness, but the lack of more recent third-party use means this does not severely weaken the mark today. *See Fla. Int'l Univ. Bd. of Trs.*, 830 F.3d at 1258 (finding twelve third-party uses enough to diminish a mark's distinctiveness). The disclaimers in the marks' registrations also decrease the strength and distinctiveness. The '566 Registration disclaims "the exclusive right to use 'don't pay more' apart from the mark as shown," and the Florida Registration disclaims "Don't, Pay, or More apart from the mark as shown." (*See* Doc. 41-2, p. 2; Doc. 41-3, p. 5.) Because Off Lease Only acknowledges these terms are commonly used and does not have the exclusive right to use them besides the marks as shown, this too weakens the marks. (*See* Doc. 41-3, p. 5); *cf. Tana*, 611 F.3d at 776 (noting that determining a mark's strength requires considering its distinctiveness). Last, Lakeland Motors' expert report, discussed in great depth later, *see infra* Section III.C, reveals no surveyed individuals associate "DON'T PAY MORE" with Off Lease Only. (*See* Doc. 39-18; Doc. 39-26.) This lack of consumer recognition

further weakens the mark. *See Fla. Int'l Univ. Bd. of Trs.*, 830 F.3d at 1259 ("Determining the strength of any mark requires weighing . . . direct evidence of consumer recognition, such as by a survey.").

Considering the mark's strength given its category and incontestable status, significantly weakened by substantial but dated third-party usage, the marks' disclaimers, and the lack of consumer recognition, this factor does not support a likelihood of confusion.

### 2.    Similarity of the Marks

The second factor requires courts to compare the marks and measure their similarity. *Fla. Int'l Univ. Bd. of Trs.*, 830 F.3d at 1260. The focus is on the mark's "overall impression," not "isolated features." *Id.* This includes "the appearance, sound and meaning of the marks, as well as the manner in which the marks are used." *Id.* "[T]he key question [is] whether the marks are sufficiently similar 'to deceive the public.'" *Id.*; *see also Frehling*, 192 F.3d at 1337 (noting that "the closer the marks are, the more likely reasonable consumers will mistake the source of the product that each mark represents").

Although Off Lease Only's trademark and Lakeland Motors' billboard both say "DON'T PAY MORE" in all capital block letters, they are otherwise dissimilar, especially in context. The mark is a square with three rows: the first row is red with "DON'T" in white; the second is black with "PAY" in white; the third is red with "MORE" in white. (Doc. 39-25, p. 3.) Off Lease Only uses a small version of the mark as part of advertising that almost always includes its website in large letters or on social media where Off Lease Only appears. (*See, e.g.*, Doc. 39-7, pp. 2–5; Doc. 39-9; Doc. 39-14, pp. 3–9.) The advertising

is typically purple and yellow with the outline of a car. (*See, e.g.*, Doc. 39-7, pp. 2–5; Doc. 39-9; Doc. 39-14, pp. 3–9.) Lakeland Motors uses the phrase differently. On its billboard, "DON'T PAY MORE" is in one line on the bottom, white background with black font. (*See* Doc. 39-12, p. 24.) The phrase appears directly underneath larger capital letters stating "Lakeland Dodge." (*See id.*) Its advertising is typically orangish-red, black, and white without a car outline or any yellow or purple. (*See id.*; Doc. 39-17, p. 9.) So the marks are not sufficiently similar to deceive the public, and ordinary customers would not reasonably believe the products come from a common source. *See, e.g.*, *Sun Banks of Fla.*, 651 F.2d at 317–18 (finding no likelihood of confusion in part because using the same common word was insufficient for similarity between the marks where other distinguishing words were used in the advertising).

Off Lease Only argues confusion can still arise when a prominent name is displayed. (*See* Doc. 46, pp. 14–15.) But the cases Off Lease Only relies on differ. Unlike in *Frehling Enterprises, Inc. v. International Select Group, Inc.*, where a reasonable consumer could be confused about the source of the products each mark represents, *see* 192 F.3d at 1337, the marks are very different and the advertisements clarify the source as either Off Lease Only or Lakeland Dodge (*see* Doc. 39-1, p. 3; Doc. 39-12, p. 24). And unlike in *Sun-Fun Products, Inc. v. Suntan Research & Development, Inc.*, where although the brand names appeared in the marks, they appeared over "strikingly similar" sunburst logos and had "similar format," *See* 656 F.2d 186, 190 (5th Cir. 1981),[11] here the only similarity is "DON'T

---

[11] The finding in *Sun-Fund Products* was bolstered by evidence of an intent to copy the plaintiff's mark. *See* 656 F.2d at 190. There's no evidence of intent to copy here.

PAY MORE," which appears in different layouts amid many other substantial design and color differences (*see* Doc. 39-25, p. 3; Doc. 39-12, p. 24; Doc. 39-1, p. 3).

Off Lease Only also argues, without support, using "the exact same wording with similar colors" shows likely confusion. (*See* Doc. 46, p. 15.) This ignores the color, size, and placement differences between the "DON'T PAY MORE" phrase and the many other differences based on the context of the phrase. (*See* Doc. 39-25, p.3; Doc. 39-12, p. 24.) As the parties use the marks in the public market on differently designed and colored advertisements featuring either OffleaseOnly.com or Lakeland Dodge, using the same phrase is not enough to create a jury question on the similarity of the marks—the public would not be deceived. *See Fla. Int'l Univ. Bd. of Trs.*, 830 F.3d at 1260; *see also Frehling*, 192 F.3d at 1337 (noting the focus is on whether consumers would confuse the source of products); *cf. Sun-Fun Prods., Inc.*, 656 F.2d at 189 ("Equally as significant as the general appearance of the trademarks is their use in the public market . . . ."). This factor weighs heavily against a finding of likelihood of confusion.

### 3.    Similarity of Goods and Services

The third factor considers whether the goods and services "are the kind that the public attributes to a single source." *Frehling Enters.*, 192 F.3d at 1338. Courts should focus on what the average consumer would reasonably believe is the source of the goods. *See Fla. Int'l Univ. Bd. of Trs.*, 830 F.3d at 1261 (citing *Frehling Enters.*, 192 F.3d at 1338). "The greater the similarity . . . the greater the likelihood of confusion." *HBP, Inc.*, 290 F. Supp. 2d at 1333. The parties sell used cars to the public in Florida. (*See* Doc. 46, p. 15.) Because of the similarity of goods, a consumer could attribute both goods to a single source, which

supports a likelihood of confusion. *See Fla. Int'l Univ. Bd. of Trs.*, 830 F.3d at 1261 (overlap in degree programs by two universities); *Sun Banks of Fla.*, 651 F.2d at 318 (overlap in services provided by commercial banks and savings and loan associations). But because Lakeland Motors' uses "DON'T PAY MORE" on a billboard with its business name and Off Lease Only typically uses it with OffleaseOnly.com (*see* Doc. 39-25, p. 3; Doc. 39-1, p. 3; Doc. 46, p. 11), this factor weighs only slightly for a likelihood of confusion. *Cf. Frehling*, 192 F.3d at 1338 (considering that the goods were home furnishings and "sold under a very similar Italian label").

### 4.      Similarity of Trade Channels and Customers

The fourth factor concerns "where, how, and to whom the parties' products are sold." *Fla. Int'l Univ. Bd. of Trs.*, 830 F.3d at 1261 (citing *Frehling Enters.*, 192 F.3d at 1339). To exhibit a likelihood of confusion, the parties' trade channels and customers must overlap. *See id.* (citing *Frehling Enters.*, 192 F.3d at 1339). Because Off Lease Only and Lakeland Motors are used car dealerships with at least one location near one another (*see* Doc. 46, p. 16), there is overlap between the parties' trade channels and customers. *See Fla. Int'l Univ. Bd. of Trs.*, 830 F.3d at 1261. But Off Lease Only also sells online and at other locations. (*See* Doc. 41, ¶ 7; Doc. 39-4, p. 68:8–18; Doc. 39-8, pp. 15–16.) This factor supports a likelihood of confusion only slightly.

### 5.      Similarity of Advertising Media

The fifth factor compares the parties' advertisements and their audiences. *See Fla. Int'l Univ. Bd. of Trs.*, 830 F.3d at 1262. "[T]he standard is whether there is likely to be significant enough overlap . . . that a possibility of confusion could result." *Frehling*

*Enters.*, 192 F.3d at 1340. The parties advertise in multiple mediums, but Lakeland Motors and Off Lease Only advertise on billboards along I-4. (*See* Doc. 46, pp. 11, 16; Doc. 39-17; Doc. 47–2, p. 5; Doc. 39-4, p. 78:5–9.) Because of the proximity of the parties' billboards, there is enough overlap in the audience of at least the billboard advertisements to support a likelihood of confusion. *See Frehling Enters.*, 192 F.3d at 1340.

### 6.     Lakeland Motors' Intent

The sixth factor examines the defendant's intent in using the mark. Courts must consider whether the defendant "had a conscious intent to capitalize on the plaintiff's business reputation, was intentionally blind, or otherwise manifested improper intent." *Fla. Int'l Univ. Bd. of Trs.*, 830 F.3d at 1263 (quoting *Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 648 (11th Cir. 2007)). "Bad faith in the adoption and use of a trademark normally involves . . . efforts by a party to 'pass off' its product as that of another." *Amstar Corp.*, 615 F.2d at 262.

Off Lease Only argues Lakeland Motors acted with improper intent in creating its billboard. (*See* Doc. 46, pp. 16–17.) Off Lease Only, without evidence, claims Lakeland Motors' owner admitted he knew of Off Lease Only's billboards before Lakeland Motors created its billboard and Lakeland Motors didn't change its advertisements after receiving a cease and desist letter from Off Lease Only. (*Id.* at 17.) Even if Off Lease Only had evidence that Lakeland Motors knew of Off Lease Only's billboards, it would not establish improper intent to capitalize on Off Lease Only's business reputation or any other improper intent. *See Fla. Int'l Univ. Bd. of Trs.*, 830 F.3d at 1263. That Lakeland Motors' billboard includes "Lakeland Dodge" in larger font above "DON'T PAY MORE"

undermines the assertion Lakeland Motors was trying to capitalize on Off Lease Only's reputation. (*See* Doc. 41-4; 39-12, p. 24.) As Off Lease Only has provided no evidence of Lakeland Motors' improper intent, this factor weighs against a likelihood of confusion.[12] *See HBP, Inc.*, 290 F. Supp. 2d at 1337–38 (finding this factor favored the defendant where there was no evidence the defendant intended to associate its products with the plaintiff).

### 7. Actual Confusion

The last factor is evidence of actual confusion, which is the best evidence of a likelihood of confusion. *See Fla. Int'l Univ. Bd. of Trs.*, 830 F.3d at 1264 (citation omitted). It's undisputed no evidence of actual confusion exists. (*See* Doc. 46, pp. 17–18; Doc. 39-24, p. 7; Doc. 39-3, p. 5; Doc. 39-4, pp. 89:22–90:21, 107:2–11.) As the best evidence of a likelihood of confusion, the lack of evidence weighs heavily against a finding of likelihood of confusion. *Cf. Fla. Int'l Univ. Bd. of Trs.*, 830 F.3d at 1264

### 8. Balance of Factors

Off Lease Only failed to establish a genuine dispute of material fact as to likelihood of confusion based on Lakeland Motors' use of "DON'T PAY MORE." Three of the seven factors—similarity of goods and services, trade channels and customers, and advertising—support finding a likelihood of confusion, but only slightly. The four remaining factors, including the two most important—strength of the marks, similarity

---

[12] Off Lease Only also argues determining a party's intent would require credibility determinations about the evidence that are "within the sole province of the jury." (Doc. 46, p. 17 (quoting *Provide Commerce, Inc. v. Preferred Commerce, Inc.*, No. 07-80185 CIV, 2008 WL 926777, at *3 (S.D. Fla. Apr. 4, 2008)).) This argument fails because Off Lease Only has provided no evidence creating a factual dispute as to Lakeland Motors' intent requiring a credibility determination.

of marks, intent, and actual confusion—weigh heavily against a finding of likelihood of confusion. The commercial context (billboards) in which Lakeland Motors uses "DON'T PAY MORE" is highly relevant to the weight accorded these factors because it clarifies the source of the used cars, so no reasonable consumer likely would be (or has been) confused. Lakeland Motors is entitled to summary judgment on Count III for federal trademark infringement.[13] *See Fla. Int'l Univ. Bd. of Trs.*, 830 F.3d at 1265 (finding no likelihood of confusion where the strength of the mark, similarity in the marks, and actual confusion weighed against a finding of likelihood of confusion); *see also HBP, Inc.*, 290 F. Supp. 2d at 1338, 1340 (granting summary judgment on trademark infringement claim where there was no likelihood of confusion despite that some marks were incontestable).

The same follows for Off Lease Only's Florida trademark infringement claim. Florida trademark infringement claims rise or fall with a federal trademark infringement claim. *See Fla. Int'l Univ. Bd. of Trs.*, 830 F.3d at 1267; *see also Rain Bird Corp. v. Taylor*, 665 F. Supp. 2d 1258, 1267 (N.D. Fla. 2009) (noting that the legal standards for Florida and federal trademark infringement are the same). Because no genuine dispute of material fact exists as to a likelihood of confusion for the federal claim, Lakeland Motors is also entitled to summary judgment on Count V for Florida trademark infringement. *See Custom Mfg. & Eng'g, Inc.*, 508 F.3d at 652 ("[F]ailure to establish a likelihood of confusion

---

[13] Another factor courts can consider is "the degree of care purchasers are likely to exercise when selecting products of the type sold by the parties." *Sun-Fun Prods.*, 656 F.2d at 189. Because individuals are likely to exercise significant care in purchasing a car, this too weighs against a finding of likelihood of confusion. *See Fla. Int'l Univ. Bd. of Trs.*, 830 F.3d at 1256 ("[S]ophisticated consumers [of complex goods or services] . . . are less likely to be confused than casual purchasers of small items.").

as to its Lanham Act claim also extinguishes its claim under Florida law.").[14]

### C.   Count VI: Trademark Dilution

Third is whether Lakeland Motors' billboards dilute Off Lease Only's trademark under Florida law. "The Florida trademark dilution statute provides a cause of action for owners of marks that are 'famous in [Florida]' against defendants whose 'use of a mark or trade name . . . is likely to cause dilution of the distinctive quality of the famous mark." *Fla. Int'l Univ. Bd. of Trs*, 830 F.3d at 1267 (alteration in original) (quoting Fla. Stat. § 495.151(1)). The mark must be sufficiently unique and distinct, and there must be proof the defendant's use of it decreased its commercial value. *See Am. Speedy Printing Ctrs., Inc. v. Sir Speedy Inc.*, No. 92-1439-CIV-T-21A, 1992 WL 430551, at *2 (M.D. Fla. 1992).

Off Lease Only's dilution claim first fails because the trademark lacks distinctiveness and fame in Florida. "A mark is famous if it is 'truly prominent and renowned.'" *Holding Co. of Vills. v. Little John's Movers & Storage, Inc.*, No. 5:17-cv-187-Oc-34PRL, 2017 WL 6319549, at *10 (M.D. Fla. Dec. 11, 2017) (citation omitted).[15] A plaintiff "must show that, when the general public encounters the mark 'in almost any context, it associates the term, at least initially, with the mark's owner.'" *Id.* at *10–11. To determine whether a mark is "distinctive and famous," courts consider:

> (a) the degree of inherent or acquired distinctiveness of the mark in Florida;
> (b) the duration and extent of use of the mark in connection with the goods and services with which the mark is used; (c) the duration and extent of

---

[14] Lakeland Motors also argues Counts III and V are deficient because Off Lease Only failed to provide evidence of damages caused by Lakeland Motors. (Doc. 39, p. 24.) As there is no likelihood of confusion, the Court need not address this argument.

[15] To the extent the cases discuss federal dilution claims, the standard is "essentially the same." *See Holding Co. of Vills.*, 2017 WL 6319549, at *11 (citation omitted).

advertising and publicity of the mark in Florida; (d) the geographical extent of the trading area in which the mark is used; (e) the channels of trade for the goods or services with which the mark is used; (f) the degree of recognition of the mark in the trading areas and channels of trade in Florida used by the mark's owner and the [other party]; (g) the nature and extent of the use of the same or similar mark by third parties; and (h) whether the mark is registered under Florida or federal law.

*Health & Sun Research v. Sunless, Inc.*, No. 8:14-cv-466-T-35MAP, 2014 WL 12609861, at *3

(M.D. Fla. Oct. 14, 2014) (citing Fla. Stat. § 495.151(1)).

Considering these factors, the lack of distinctiveness and recognition of Off Lease Only's trademark in Florida and third-party use of similar marks strongly weigh against a finding of distinctiveness and fame. Lakeland Motors' expert, Dr. Robert Peterson, assessed the secondary meaning and fame of Off Lease Only's trademark by surveying Florida residents. (*See* Doc. 39-18, pp. 5–13; Doc. 39-26, pp. 2–4.) No Florida resident surveyed associated "Don't Pay More" with Off Lease Only and "Don't Pay More" possesses no secondary meaning among the targeted universe of individuals in Florida. (*See* Doc. 39-18, pp. 6–7, 12–13; Doc. 39-26, ¶¶ 15–22.) Off Lease Only offered no evidence to refute these findings.[16] And Lakeland Motors provided almost thirty third-party advertisements using "Don't Pay More" to advertise used cars around the United States. (*See* Doc. 39-23.)

As to the remaining factors, although Off Lease Only's trademark is registered

---

[16] Off Lease Only attacked the report, arguing that it isn't reliable, but the Court denied its *Daubert* motion to exclude this report (Docs. 48, 53) and Off Lease Only has offered no basis to defeat its reliability (*see* Doc. 49, p. 9.) Further, not only did Off Lease Only provide no evidence with its response to the Motion (*see* Doc. 46), but its responses during discovery also revealed a lack of evidence that its trademark is famous or distinctive in Florida (*see, e.g.*, Doc. 39-6; Doc. 39-27.)

under federal and Florida law and has been in use for many years,[17] Off Lease Only offered no other evidence to support a finding of distinctiveness or fame. (*See* Docs. 41-2–41-3; Doc. 39-4, p. 20:2–8; Doc. 46, pp 18–19.) Off Lease Only's "DON'T PAY MORE" marks are far from the "household names" entitled to protection under Florida's anti-dilution statute, so Off Lease Only has not established there's any genuine dispute of material fact as to its trademark's distinctiveness and fame throughout Florida.[18] *See Provide Commerce*, 2008 WL 926777, at *12 (granting summary judgment on a dilution claim despite significant advertising efforts and profits because the mark didn't rise to the level of household names).

Off Lease Only also failed to show a loss of commercial value from Lakeland Motors' use of the mark. "Dilution requires some proof that the use of a trademark decreases its commercial value." *See Freedom Sav. & Loan Ass'n v. Way*, 757 F.2d 1176, 1186 (11th Cir. 1985). While significant use of a mark very similar to a distinctive trademark is enough, "where the mark is a weak one that lacks much distinctiveness, the mere use of a similar mark will not establish loss of commercial value." *Id.* (citations omitted). Off Lease Only's trademark lacks distinctiveness and fame in Florida (*see* Doc. 39-18, pp. 6–7, 12–13; Doc. 39-26, ¶¶ 15–22), and Off Lease Only provided no evidence of diminished

---

[17] A conflict exists about the date Off Lease Only began using the mark, whether in 1999 or 2004. *See supra* note 2. Off Lease Only contends its predecessor used the mark in 1999 before it was incorporated 2004. (*See* Doc. 39-4, p. 20:5–8; Doc. 39-3, pp. 2–3.)

[18] To the extent Off Lease Only contends the incontestable status of its trademark is enough to establish the requisite fame and distinctiveness for a dilution claim, "the fact that a mark is presumed to have a secondary meaning given its incontestable status is not sufficient to render the mark famous for purposes of the dilution analysis." *See Holding Co. of Vills.*, 2017 WL 6319549, at *12–13 (internal quotation marks and citation omitted).

commercial value from Lakeland Motors' use of "DON'T PAY MORE." (*See* Doc. 46, pp. 18–19.) Instead, Off Lease Only contends, again without support, Lakeland Motors' billboards "led to a diminished commercial value of those protected marks, as now the [m]arks are not associated uniquely with [Off Lease Only]." (Doc. 46, p. 19.) This conclusory allegation is not enough to establish there was ever an association between the "DON'T PAY MORE" trademark and Off Lease Only or to prove loss of commercial value. *See Freedom Sav. & Loan Ass'n*, 757 F.2d at 1186 (noting that use of a weak, nondistinctive mark alone cannot prove decreased value). So Lakeland Motors is entitled to summary judgment on Count VI.

### D.    Count I: Injunctive Relief

Last is whether Off Lease Only may receive injunctive relief. "A request for [injunctive] relief is not an independent cause of action"—it's a remedy. *Chaney v. Crystal Beach Capital, LLC*, No. 8:10-cv-1056-T-30TGW, 2011 WL 17639, at *5 (M.D. Fla. Jan. 4. 2011) (citation omitted). Because Off Lease Only raised injunctive relief as an independent cause of action, Lakeland Motors is entitled to summary judgment on Count I. *See id.* (dismissing separately raised count for injunctive relief); *see also Global Options Servs. v. N. Am. Training Grp., Inc.*, 131 F. Supp. 3d 1291, 1302 (M.D. Fla. 2015) (same). And to the extent Off Lease Only intended Count I to serve as a request for injunctive relief for its other claims, the same result follows as summary judgment is warranted for Lakeland Motors on all remaining counts.[19]

---

[19] Lakeland Motors also asks the Court to award attorney's fees and costs. (*See* Doc. 39, p. 31.) Lakeland Motors must file a separate motion for that relief.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Defendant Lakeland Motors, LLC's Motion for Summary Judgment as to All Counts (Doc. 39) is **GRANTED.**

2. The Clerk is **DIRECTED** to enter judgment for Defendant Lakeland Motors, LLC and against Plaintiff Off Lease Only, Inc. on Counts I, II, III, V, and VI (Doc. 41, ¶¶ 21–38, 46–58).

3. The Clerk is **DIRECTED** to terminate all pending motions and deadlines and to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 10, 2020.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record