UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OFF LEASE ONLY, INC.,

    Plaintiff,

v.   Case No. 6:18-cv-1555-Orl-37DCI

LAKELAND MOTORS, LLC,

    Defendant.
_____

# ORDER

Before the Court is Defendant's Motion for Attorneys' Fees and Costs. (Doc. 63 ("**Motion**").) On referral, U.S. Magistrate Judge Daniel C. Irick recommends granting in part and denying in part the Motion. (Doc. 67 ("**R&R**").) Both parties objected. (Doc. 68 ("**Defendant's Objection**"); Doc. 71 ("**Plaintiff's Objections**").) On de novo review, Defendant's Objection is sustained, Plaintiff's Objections are overruled, the R&R is adopted in part, and the Motion is granted in part.

## I.    BACKGROUND

This copyright and trademark case involved Defendant's billboards for its car dealerships which allegedly infringed Plaintiff's intellectual property rights. (*See* Docs. 2, 41.) Plaintiff sued Defendant for: (1) injunctive relief ("**Count I**"); (2) federal copyright infringement ("**Count II**"); (3) federal trademark infringement ("**Count III**"); (4) federal trademark dilution ("**Count IV**"); (5) Florida trademark infringement ("**Count V**"); and (6) Florida trademark dilution ("**Count VI**"). (Doc. 41, ¶¶ 21–58.) After Defendant moved

for summary judgment on all counts (Doc. 39) and the motion was briefed (Docs. 46, 47), Plaintiff moved to voluntarily dismiss Count IV for federal trademark dilution (Doc. 52). The Court dismissed Count IV without prejudice. (Doc. 55 ("**Count IV Dismissal Order**").) Recognizing Plaintiff knew it lacked the requisite national fame to pursue Count IV and the substantial expenses Defendant incurred in defending against Count IV, the Court conditioned the dismissal on Plaintiff paying Defendant "reasonable costs and attorney's fees incurred in defending against Count IV." (*Id.* at 4–5.) The Court then granted Defendant's summary judgment motion on all remaining counts and entered judgment for Defendant. (Doc. 60 ("**SJ Order**"); Doc. 61.)

As the prevailing party, Defendant moved for $114,803.97 in attorneys' fees and costs—$77,267.00 in attorneys' fees; $4,629.55 in taxable costs; $29,287.50 in costs related to an expert survey to defend against the trademark claims; $1,851.02 in legal research costs; $624.00 in costs for a certified copy of the copyright deposit; $1125.00 in mediation costs; and $19.90 in other evidence costs. (Doc. 63.) Plaintiff appealed the summary judgment order (Doc. 64) but didn't respond to the Motion. On referral, Magistrate Judge Irick recommends awarding Defendant $77,267.00 in attorneys' fees, $3,890.65 in taxable costs, and prejudgment interest. (Doc. 67.) Magistrate Judge Irick recommends declining to award costs for Defendant's expert survey because they aren't recoverable under the Lanham Act or Rule 54 ("**Survey Costs Finding**"). (*Id.* at 8–10.)

Defendant objected to the Survey Costs Finding only. (Doc. 68.) Plaintiff then raised multiple objections to the R&R but didn't separately respond to Defendant's Objection. (Doc. 71.) With Defendant's response to Plaintiff's Objections (Doc. 72), the

matter is ripe.

## II. LEGAL STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).

## III. ANALYSIS

Both parties objected to the R&R on different grounds. (Docs. 68, 71.) Let's start with Defendant's Objection before turning to Plaintiff's Objections.

### A. Defendant's Objection

Defendant objected to the Survey Costs Finding, maintaining it is entitled to costs for the expert survey used to defend itself against Plaintiff's trademark infringement and dilution claims. (Doc. 68.) In recommending the Court decline to award these costs, Magistrate Judge Irick found these costs aren't recoverable because the Lanham Act doesn't expressly allow costs beyond those authorized under 28 U.S.C. §§ 1821 and 1920, which don't authorize these costs. (Doc. 67, pp. 8–10.) Defendant concedes Magistrate

Judge Irick may be correct that § 1821 and § 1920 don't authorize reimbursement for expert witness fees, but Defendant argues courts have reimbursed these fees under the Lanham Act. (Doc. 68, pp. 5–7.) Defendant also points to the Count IV Dismissal Order requiring Plaintiff to pay reasonable costs and expenses associated with Count IV (like the expert survey) under Rule 41(a)(2), which Magistrate Judge Irick didn't consider. (Doc. 68, pp. 5–7.) Defendant's Count IV Dismissal Order argument is correct.

In the Count IV Dismissal Order, the Court dismissed Count IV without prejudice but required Plaintiff to pay Defendant "*reasonable costs* and attorney's fees incurred in defending against Count IV" under Rule 41(a)(2). (Doc. 55, pp. 4–5 (emphasis added).) This condition was based on multiple findings, including that Defendant repeatedly advised Plaintiff's counsel of the frivolity of the claim and Plaintiff waited more than a year after the case was filed and months after Defendant moved for summary judgment before moving to voluntarily dismiss it. (*Id.* at 4.) Given Defendant incurred substantial expenses in defending against Count IV—deposition and discovery costs and expert witness and attorney's fees—the Court determined this condition was necessary to do justice between the parties given the posture of the case. (*Id.* at 4–5 (citing *Platman v. Turfmaster Lawn & Ornamental Care, Inc.*, No. 6:08-cv-861-Orl-22KRS, 2008 WL 4540411, at *2 (M.D. Fla. Sept. 18, 2008)).)

So the only question for the Court is whether Defendant's requested costs for the survey qualify as "reasonable costs . . . incurred in defending against Count IV," which Plaintiff must pay. (*See* Doc. 55, p. 5.) They do. When the Court denied Plaintiff's motion to exclude the expert testimony associated with the survey, the Court stated:

> Given [Plaintiff] alleges it conducts business at its stores and online, advertises in Florid and worldwide, and seeks relief for state and federal dilution claims that require its mark is famous among the general populations of Florida and the United States, [the expert's] nationwide and Florida samples were appropriate—*even necessary*—for [Defendant] to defend itself.

(Doc. 53, p. 8 (emphasis added) (citations omitted).) Based on Plaintiff's claims, the survey was not only a reasonable expense but also necessary to defend against Count IV. As the costs for the expert survey are reasonable costs incurred in defending against Count IV, Defendant's Objection to the Survey Costs Finding is sustained to the extent the Court awards $29,287.50 in costs for the survey based on its Count IV Dismissal Order.[1] (*See* Doc. 55.)

### B. Plaintiff's Objections

Plaintiff objected to the R&R arguing Defendant isn't entitled to fees under the Lanham Act, Florida Statute § 495.141, or the Copyright Act and Defendant's claimed hours aren't reasonable. (Doc. 71, pp. 4–15.) As an initial matter, the Court need not consider Plaintiff's Objections because none of its arguments were presented to Magistrate Judge Irick—Plaintiff failed to respond to the Motion.[2] *See Williams v. McNeil*,

---

[1] In the Motion, Defendant represents $29,287.50 is the amount associated in costs related to the survey. (Doc. 63, p. 7.) But in Defendant's Objection, it requests "$32,907.42 for Defendant's costs related to its expert report." (Doc. 68, p. 7.) This latter amount appears to also include costs associated with legal research, a certified copy of Plaintiff's copyright deposit, mediation, and gathering evidence of third-party use of the mark. (*See* Doc. 63, p. 7; *see also* Doc. 67, p. 5.) As Defendant hasn't show these other costs are related to the survey or constitute reasonable costs incurred in defending against Count IV, the Court limits the awarded costs to $29,287.50.

[2] Plaintiff blames its failure to respond on "a misunderstanding between [Plaintiff] and its attorneys." (Doc. 71, p. 2.) It further states that "[i]ts failure to file a response was not meant to be an acquiescence to the arguments put forth by [Defendant]." (*Id.*) But the

557 F.3d 1287, 1292 (11th Cir. 2009). So Plaintiff's Objections are overruled on that basis alone. Nevertheless, the Court addresses each.

First, Plaintiff contends Defendant isn't entitled to fees under the Lanham Act because Defendant failed to show this case is exceptional as required for fees under 15 U.S.C. § 1117(a). (Doc. 71, pp. 4–8.) Plaintiff leans on the Court's analysis of the trademark claims in its SJ Order, in which the Court found several factors weighed in Plaintiff's favor, to claim its case "was at least colorable, and was not objectively unreasonable or frivolous" and argues its litigation conduct was not in bad faith or sufficiently egregious to warrant fees. (*Id.* at 6–8.) Courts consider the totality of the circumstances in determining whether a case is exceptional. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014); *Tobinick v. Novella*, 884 F.3d 1110, 1113 (11th Cir. 2018) (finding the "exceptional case" standard applies to Lanham Act cases). Ultimately, "an exceptional case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 572 U.S. at 554.

Defendant argued this case constitutes an "exceptional case" and "stands out from others" because Plaintiff's trademark infringement claims were weak and objectively

---

reason for the lack of response doesn't change that Plaintiff didn't raise any challenges to the Motion to Magistrate Judge Irick. *See Williams*, 557 F.3d at 1292; *cf. HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*, No. 6:14-cv-2004-Orl-40KRS, 2018 WL 1863778, at *4 (M.D. Fla. Mar. 26, 2018) ("Plaintiff failed to respond to Defendants' motion for fees, essentially conceding the propriety of a fee award.").

baseless. (Doc. 63, pp. 12–14.) Defendant highlighted its repeated attempts to warn Plaintiff of its weak claims, the survey finding no secondary meaning associated with the marks, and the SJ Order. (*Id.*) Magistrate Judge Irick found Defendant's contentions, absent opposition from Plaintiff, were enough to show this case is exceptional. (Doc. 67, p. 3 n.2.) Given Defendant's repeated warnings to Plaintiff about the shortcomings of the claims and the Court's findings on Plaintiff's trademark infringement and dilution claims in the SJ Order (Doc. 60, pp. 11–25),[3] this case qualifies as an exceptional case warranting fees under § 1117(a). *See, e.g.*, *Domond v. PeopleNetwork APS*, 750 F. App'x 844, 848 (11th Cir. 2018)[4] (awarding fees under § 1117 where "the case was baseless" and the plaintiff's "position was unusually weak"); *Fla. Int'l Univ. Bd. of Trs. v. Fla. Nat'l Univ., Inc.*, No. 13-21604-CIV-WILLIAMS/SIMONTON, 2017 WL 3610583, at *5–7 (S.D. Fla. Aug. 11, 2017) (awarding fees under § 1117 partly because the case was exceptional "considering . . . the strength of the [p]laintiff's position and governing law and facts of the case"), *adopted by* 2018 WL 4409885 (S.D. Fla. June 25, 2018).

Second, Plaintiff argues Defendant isn't entitled to fees under Florida Statute

---

[3] In the SJ Order, the Court found Plaintiff's trademark infringement claims failed because four factors (including the two most important) for the likelihood-of-confusion analysis weighed *heavily* against a finding of likelihood of confusion and the commercial context revealed the source of the goods such that "no reasonable consumer likely would be (or has been) confused." (Doc. 60, pp. 11–22.) The trademark dilution claims failed based on the mark's lack of distinctiveness and fame in Florida and Plaintiff's failure to provide evidence of a loss of commercial value. (*Id.* at 22–25.) A review of Plaintiff's arguments and lack of evidence in support (*see* Doc. 46) further reveals the exceptional nature of this case.

[4] While unpublished opinions are not binding precedent, they may be considered persuasive authority. *See* 11th Cir. R. 36-2; *see also United States v. Almedina*, 686 F.3d 1312, 1316 n.1 (11th Cir. 2012).

§ 495.141 based on the same "exceptional case" standard for fees under the Lanham Act. (Doc. 71, pp. 8–9.) Plaintiff also asserts that courts have denied attorney's fees under this statute where the claims were not raised in bad faith or for an improper purpose. (*Id.* at 9.) Section 495.141 allows courts to "award reasonable attorney's fees to the prevailing party according to the circumstances of the case." Fla. Stat. § 495.141. Defendant contended this case warrants fees based on its warnings to Plaintiff that its trademark claims were weak and the Court's findings in the SJ Order. (Doc. 63, pp. 15–16.) As this case qualifies as an exceptional case, Defendant is entitled to fees under § 495.141 for the same reasons as under 15 U.S.C. § 1117(a). *Cf. Fla. Van Rentals, Inc. v. Auto Mobility Sales, Inc.*, No. 8:13-cv-1732-T-36EAJ, 2015 WL 4887550, at *3 (M.D. Fla. Aug. 17, 2015) (finding the defendant not entitled to fees under § 495.141 where the case wasn't "exceptional").

Third, Plaintiff challenges Defendant's entitlement to fees under the Copyright Act, claiming Defendant failed to establish the necessary elements for fees. (Doc. 71, pp. 9–13.) Plaintiff contends its position wasn't frivolous or objectively unreasonable and its motivation wasn't improper. (*Id.*) Plaintiff again leans on the SJ Order, this time to highlight that similarities existed between the works. (*Id.* at 10–12.) Courts consider several nonexclusive factors for awarding fees under the Copyright Act, including frivolousness, objective unreasonableness, and the need to advance consideration of compensation and deterrence. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994). "When the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong." *See Assessment Techs. of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004) (citation

omitted).

Defendant argued fees are warranted under the Copyright Act because Plaintiff's claim was objectively unreasonable. (Doc. 63, pp. 7–11.) Like with the trademark claims, Defendant repeatedly informed Plaintiff its copyright claim was meritless—the only similarities between the works were non-copyrightable elements—so Plaintiff's continued pursuit of this claim was frivolous and improperly motivated. (*Id.* at 8–10.) Defendant is again correct. As the SJ Order shows, the similarities between the works weren't substantial nor did they involve copyrightable materials, and the works were substantially dissimilar at the level of protected expression. (Doc. 60, pp. 6–10.) The Court even noted that Plaintiff "attempt[ed] to measure substantial similarity by its own yardstick, but no reasonable jury, properly instructed, would find the works substantially similar." (*Id.* at 10–11 (citation omitted).) Given Defendant's warnings and the abundance of law directly refuting Plaintiff's substantial similarity claim (*see* Docs. 39, 46, 47)—and the stark differences noticeable on even a quick glance at the works—Plaintiff's copyright claim was frivolous and objectively unreasonable, warranting fees for Defendant. *See, e.g.*, *Home Design Servs., Inc. v. Turner Heritage Homes, Inc.*, No. 4:08-cv-355-MCR-GRJ, 2017 WL 3687665, at *5–7 (N.D. Fla. July 26, 2017) (recommending awarding fees under the Copyright Act where the plaintiff ignored the law that "requires substantial similarity at the level of protected expression" and "instead improperly focused its theory of the case on the overall similarity of the designs"), *adopted by* 2017 WL 3670179 (N.D. Fla. Aug. 24, 2017).

Fourth, Plaintiff contends the number of hours for which Defendant seeks

compensation are unreasonable. (Doc. 71, pp. 13–15.) Plaintiff claims Defendant engaged in excessive and duplicative billing practices, pointing to a couple examples. (*Id.* at 14–15.) In considering the reasonableness of attorney's fees, courts may determine a lodestar amount based on factors including the time, labor, and skill required; the novelty and difficulty of the questions; the results obtained; the experience, reputation, and ability of lawyers; and awards in similar cases. *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 n.2 (11th Cir. 2008).

To support the requested fees, Defendant described the discovery and motion practice involved, the specialized legal skill required for intellectual property cases like this one, the customary fees for these types of cases, the "excellent" results obtained, and the higher fee awards in other similar cases. (Doc. 63, pp. 16–19, 21–23.) Defendant also provided detailed billing records and other exhibits to support the requested fees. (*See* Docs. 63-1–63-7.) Magistrate Judge Irick concluded, "After review of the unopposed Motion, detailed billing records, other supporting exhibits, and the Court's experience in deciding these disputes, the undersigned finds that Defendant has carried its burden with regard to the request for fees. The factors Defendant identifies—which have drawn no objection—weigh in favor of an award." (Doc. 67, pp. 4–5.) On review of the Motion, billing records, and other evidence, the Court agrees with Magistrate Judge Irick. (*See* Docs. 63, 63-1–63-7.) Plaintiff's few examples of allegedly duplicative and excess billing practices, without more, is not enough to refute Defendant's evidence of the

reasonableness of the requested fees.[5] (*See* Doc. 71, pp. 14–15; *see also* Doc. 72, pp. 6–7.) So Plaintiff's Objections are also overruled on the merits.

## IV. CONCLUSION

Having conducted an independent, de novo review of the portions of the record to which the parties objected, the Court agrees with all findings and conclusions set forth in the R&R other than the Survey Costs Finding. So it is **ORDERED AND ADJUDGED**:

1. Defendant Lakeland Motors, LLC's Limited Objection to Magistrate Judge's Report and Recommendation (Doc. 68) is **SUSTAINED** to the extent Defendant is entitled to $29,287.50 in costs related to the survey.

2. Plaintiff Off Lease Only, Inc.'s Objection[s] to Magistrate's Report (Doc. 71) are **OVERRULED**.

3. U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 67) is **ADOPTED IN PART** and **REJECTED IN PART**:

    a. The Survey Costs Finding is **REJECTED.**

    b. In all other respects, the R&R is **ADOPTED**, **CONFIRMED**, and made a part of this Order.

4. Defendant's Motion for Attorney's Fees and Costs (Doc. 63) is **GRANTED IN PART AND DENIED IN PART**:

    a. The Motion is **GRANTED** to the extent Defendant Lakeland Motors,

---

[5] This is especially true considering Plaintiff failed to timely respond to the Motion. *See HRCC, Ltd.*, 2018 WL 1863778, at *5 (noting that a failure to respond to a fee motion was "essentially conceding the propriety of a fee award").

LLC is **AWARDED:** (1) **$77,267.00** in attorneys' fees; (2) **$3,890.65** in taxable costs; (3) **$29,287.50** in costs related to the survey; and (4) any prejudgment interest.

    b.    In all other respects, the Motion is **DENIED**.

5.    The Clerk is **DIRECTED** to enter judgment for Defendant Lakeland Motors, LLC against Plaintiff Off Lease Only, Inc. in the above-stated amount.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 29, 2020.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record