[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12877
Non-Argument Calendar
_____

D.C. Docket No. 6:18-cv-01555-RBD-DCI

OFF LEASE ONLY, INC.,
a Florida Corporation,

                                                       Plaintiff-Appellant,

versus

LAKELAND MOTORS, LLC,
a Florida Limited Liability Company
d.b.a. Lakeland Chrysler Dodge, Jeep, Ram,

                                                       Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 10, 2021)

Before MARTIN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Off Lease Only, Inc., appeals the district court's order granting Lakeland Motors, LLC's Motion for Attorneys' Fees and Costs. Off Lease argues that the district court abused its discretion in two ways: first, by deciding that this was an "exceptional" case warranting a fee award; and second, by conditioning the voluntary dismissal of Count IV on Off Lease reimbursing Lakeland for certain expert witness costs incurred defending that count. Upon consideration, we conclude that the district court did not abuse its discretion and affirm the district court's order.

## I.

We presume familiarity with the factual and procedural history of this case. We describe it below only to the extent necessary to address the issues raised in this appeal.

This appeal arises from a copyright and trademark case involving Lakeland's billboards for its car dealerships which allegedly infringed Off Lease's intellectual property rights. Off Lease sued Lakeland for injunctive relief and damages under both federal and state copyright law. Lakeland has contended since this litigation began that Off Lease's claims lacked merit. About two months after Off Lease filed its initial complaint, Lakeland wrote to Off Lease that Off Lease's allegations were meritless and possibly sanctionable. Several months after the initial complaint, Lakeland filed a motion for judgment on the pleadings as to Count III—a claim for

2

federal trademark infringement. The district court granted the motion and set a deadline for Off Lease to file an amended complaint.

Prior to Off Lease filing an amended complaint, Lakeland recommended over email that Off Lease drop Count IV—its federal trademark dilution claim. Lakeland pointed out that Off Lease's representatives had conceded that its marks were not widely known outside of Florida, rendering the claim meritless. Off Lease refused, forcing Lakeland to defend Count IV of the amended complaint. This required additional discovery, motions practice, and an expert witness to prepare a nationwide survey. Only after briefing was complete on Lakeland's motion for summary judgment did Off Lease move to voluntarily dismiss Count IV. The district court found that Off Lease knew it lacked the requisite national fame to pursue a federal trademark dilution claim but had proceeded anyway and that Lakeland had incurred substantial costs defending the count. Accordingly, the court dismissed Count IV without prejudice but conditioned dismissal on Off Lease paying Lakeland all "reasonable costs and attorney's fees incurred in defending against Count IV." The district court then granted Lakeland's motion for summary judgment on all remaining counts with prejudice. We affirmed the district court's grant of summary judgment. *See Off Lease Only*, *Inc. v. Lakeland Motors, LLC*, No. 20-10825, 825 F. App'x 722 (11th Cir. Sept. 17, 2020).

After winning summary judgment, Lakeland filed a motion requesting reimbursement for its remaining attorneys' fees and costs. Lakeland argued that it was entitled to a total of $114,803.97—$77,267.00 in attorneys' fees; $4,629.55 in taxable costs; $29,287.50 in costs related to retaining an expert witness to prepare a nationwide survey; $1,851.02 in legal research costs; $624.00 in costs for a certified copy of the copyright deposit; $1,125.00 in mediation costs; and $19.90 in other evidence costs. Off Lease did not respond to the motion.

The magistrate judge recommended awarding Lakeland $77,267.00 in attorneys' fees; $3,890.65 in taxable costs; and prejudgment interest. He recommended the district court deny Lakeland's request for other litigation costs—including the cost of retaining an expert witness—because they were not recoverable under the Lanham Act or Rule 54. Thus, recovery of additional costs was limited to categories listed in 28 U.S.C. §§ 1821, 1920.

Lakeland objected to the magistrate judge's report only as it pertained to the costs of retaining an expert witness to prepare the survey. Off Lease filed its own objection to the report, arguing that the case was not "exceptional" under the Lanham Act; that its claims were not brought in bad faith or for improper purpose, nor were they frivolous; and the amount of attorneys' fees calculated by Lakeland was unreasonable. Lakeland responded to Off Lease's objection, but Off Lease did not respond to Lakeland's. Shortly thereafter, the district court entered an order

sustaining Lakeland's objection to the magistrate judge's report. The district court rejected the report's finding regarding the expert witness costs, awarding the $29,287.50 cost of preparing the nationwide survey to Lakeland. The report was adopted in all other respects. Off Lease appealed.

## II.

Off Lease makes two arguments on appeal. First, it argues that the district court abused its discretion by "circumventing" the standard for exceptionality established in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014) and "created its own reasoning" by relying on Lakeland's communication with Off Lease to determine this case was exceptional. Second, it argues that the district court abused its discretion by awarding Lakeland costs related to preparation of the expert witness survey in violation of 28 U.S.C. §§ 1821 and 1920. Upon consideration, we conclude that the district court did not abuse its discretion in granting Lakeland's motion for attorneys' fees and costs.

This Court reviews a district court's decision to award fees, and the amount of fees to award, for abuse of discretion. *See Tobinick v. Novella*, 884 F.3d 1110, 1116 (11th Cir. 2018) (citing *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001)). Likewise, we review an award of costs for abuse of discretion. *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc). "A district court abuses its discretion if it applies an incorrect legal standard,

5

applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Tobinick*, 884 F.3d at 1116 (quoting *United States v. Toll*, 804 F.3d 1344, 1353 (11th Cir. 2015)).

First, the district court did not abuse its discretion by awarding attorneys' fees. The Lanham Act provides that "in exceptional cases" a district court "may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117. In defining "exceptional" we apply the standard articulated by the Supreme Court in *Octane Fitness*. *See Tobinick v. Novella*, 884 F.3d 1110, 1117 (11th Cir. 2018). Under that standard, an exceptional case is "one that stands out from others with respect to the substantive strength of a party's litigating position" or "the unreasonable manner in which the case was litigated." *Octane Fitness*, 572 U.S. at 554. District courts "determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.*

The district court did not abuse its discretion in finding this case was exceptional. In weighing the totality of the circumstances, the district court expressly considered a variety of factors, including: (1) Off Lease's failure to respond to Lakeland's motion for attorneys' fees and costs; (2) Lakeland's "repeated warnings to Plaintiff about the shortcomings of the claims"; (3) the fact that, when weighing the trademark infringement claim, four of the seven factors used to test likelihood-

of-confusion "weighed *heavily*" against Off Lease, and the commercial context "revealed the source of the goods such that 'no reasonable consumer likely would be (or has been) confused'"; (4) the fact that the trademark dilution claims failed due to the mark's "lack of distinctiveness and fame in Florida" and Off Lease's "failure to provide evidence of a loss of commercial value"; and finally (5) "Plaintiff's arguments and lack of evidence in support" at the summary judgment stage. The district court's consideration of these factors, including its consideration of Lakeland's repeated warnings to Off Lease, was appropriate under the totality-of-the-circumstances test.

Second, the district court did not abuse its discretion by awarding costs related to preparation of the expert witness survey as a condition of dismissing Count IV without prejudice under Rule 41(a)(2). In both its initial and reply briefs, Off Lease cites authorities about cost awards to litigants as prevailing parties. *See, e.g., Kivi v. Nationwide Mut. Ins. Co.*, 695 F.2d 1285, 1289 (11th Cir. 1983). But none of those authorities address the situation here, where expert witness costs were awarded as a curative condition of a Rule 41(a)(2) dismissal.

Rule 41(a)(2) states that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). "The purpose of Rule 41(a)(2) 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to

7

permit the imposition of curative conditions.'" *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015) (quoting *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 856 (11th Cir.1986)). In dismissing under Rule 41(a)(2), courts should "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* at 1269. We have held that "[c]osts [under Rule 41] may include all litigation-related expenses incurred by the defendant[.]" *McCants*, 781 F.2d at 860.

Here, the district court concluded that awarding expert witness costs was necessary to mitigate harm to Lakeland. In its order awarding fees and costs, the district court identified multiple reasons to impose expert witness costs as a curative condition of dismissing Count IV, including "that [Lakeland] repeatedly advised [Off Lease's] counsel of the frivolity of the claim and [Off Lease] waited more than a year after the case was filed and months after [Lakeland] moved for summary judgment before moving to voluntarily dismiss it." The court noted that Lakeland had incurred substantial costs defending Count IV, and that imposing the curative condition on dismissal was "necessary to do justice between the parties[.]" The court then determined that the expert witness survey was a reasonable expense since it was necessary to defend against Count IV. These considerations were well within the court's "broad equitable discretion under Rule 41(a)(2)[.]" *Id.* at 857.

8

## III.

For these reasons, we conclude that the district court did not abuse its discretion when it awarded attorneys' fees and expert witness costs to Lakeland. Accordingly, the district court is **AFFIRMED.**

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 10, 2021

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 20-12877-DD
Case Style: Off Lease Only, Inc. v. Lakeland Motors, LLC
District Court Docket No: 6:18-cv-01555-RBD-DCI

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Bradly Wallace Holland, DD at 404-335-6181.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs